UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION


TAMRA WARNOCK                                               PLAINTIFF


VERSUS                            CIVIL ACTION NO. 5:08cv01-DCB-JMR


STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, J. PAUL CLINTON
AND STOKES & CLINTON, P.C.                                  DEFENDANTS


**OPINION AND ORDER**

This matter comes before the Court on defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion for Reconsideration of Order Entered October 16, 2008 or in the Alternative for Amendment of the Order to Add a Certificate Pursuant to 28 U.S.C. § 1292(b) [**docket entry no. 16**]. Also before the Court is J. Paul Clinton's ("Clinton") and Stokes & Clinton, P.C.'s ("Stokes") Joinder in State Farm's Motion to Reconsider [**docket entry no. 43**]. Therein, the defendants ask the Court to reconsider its denial [**docket entry no. 38**] of State Farm's Motion for Judgment on the Pleadings, defendants Clinton's and Stokes' Motion to Dismiss Plaintiff's RICO Claim, and defendants Clinton's and Stokes' Motion for Judgment on the Pleadings. Alternatively, the defendants ask the Court to amend its previous order to include a certificate permitting interlocutory appeal to the Fifth Circuit Court of Appeals pursuant

to 28 U.S.C. § 1292(b). Having carefully considered the defendants' motions, memoranda in support and opposition thereof, applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

As a preliminary matter, the Court recognizes that a motion for reconsideration is not specifically provided for in the Federal Rules of Civil Procedure. However, the Fifth Circuit Court of Appeals has given district courts instruction on how to handle such motions. Joe. v. Minnesota Life Ins. Co., 272 F.Supp.2d 603, 604 (S.D. Miss. 2003). If a motion to reconsider is filed within ten days of the Court's order, it will be treated as a motion pursuant to Rule 59(e). Teal v. Eagle Fleet, Inc., 933 F.2d 341, 347 (5th Cir. 1991) (citing Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990)). On the other hand, if the motion is filed more than 10 days after the Court's judgment, it will be treated as a Rule 60(b) motion. Id. In the instant case, the Court entered its Order denying State Farm's, Clinton's and Stokes' motions for judgment on October 14, 2008. State Farm filed its Motion to Reconsider, and Clinton and Stokes joined that motion, on October 27, 2008, less than 10 days after entry of the Court's order. Accordingly, the Court analyzes State Farm's motion as one brought pursuant to Rule 59(e).

"There are three possible grounds for granting a motion for reconsideration under Rule 59(e): (1) an intervening change in

2

controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law and prevent manifest injustice." Joe, 272 F.Supp.2d at 604 (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). The first and second grounds are not at issue in the instant case; rather, State Farm's motion appears to assert the third ground--clear error of law.

In its request for reconsideration, State Farm asks the Court to reevaluate three arguments. First, State Farm reasserts that the plaintiff lacks standing because she cannot show that she was injured by reason of a predicate act. Specifically, State Farm argues that transmission of documents related to meritless lawsuits cannot constitute mail or wire fraud. Second, State Farm claims that, even if the plaintiff has standing, she has not adequately pled a pattern of racketeering activity, again because transmission of documents related to meritless litigation cannot constitute mail or wire fraud. Finally, State Farm reasserts its argument that the plaintiff's claims are barred by the Noerr-Pennington doctrine, which protects a party's first amendment right to petition courts.

Since the defendants are asking for reconsideration of whether they are entitled to a judgment on the pleadings, the Court reiterates the standard that governs such motions. In order to avoid a judgment on the pleadings, a plaintiff must plead only "enough facts to state a claim to relief that is plausible on its

face."   Doe v. Myspace, Inc., 528 F.3d 413, 418 (5th Cir. 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007)). "'[T]he central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief.'" Id. (quoting Hughes v. The Tobacco Inst., Inc., 278 F.3d 417, 420 (5th Cir. 2001)) (alteration in original). Continually remembering this standard, the Court now reconsiders each of State Farm's arguments.

State Farm's first argument in its motion to reconsider is that the Court erred in concluding that the plaintiff has standing to bring her RICO action. As the Court noted in its previous order, RICO standing requires (1) injury to business or property and (2) causation. See Price v. Pinnacle Brands, Inc., 138 F.3d 602, 606 (5th Cir. 1998). "Only persons who have been injured 'by reason of' the commission of predicate acts have standing to bring suit under section 1964(c)." Ocean Energy II v. Alexander & Alexander, Inc., 868 F.2d 740, 744 (5th Cir. 1989) (quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)) (emphasis added). State Farm argues that the plaintiff cannot meet the causation requirement because any injury that she may have suffered was not caused by a predicate act. More specifically, State Farm's position is that the filing of meritless lawsuits and the transmission by mail or wire of documents related to those lawsuits cannot constitute mail or wire fraud.

State Farm's second argument is that, even if the plaintiff

has standing, she has failed to plead a pattern of racketeering activity--one of the required elements of her RICO action. Again, State Farm basis its argument on the premises that its actions cannot constitute mail or wire fraud.

Both State Farm's first and second arguments on reconsideration require the Court to decide only one issue: Do State Farm's actions, as alleged by the plaintiff, satisfy the elements of mail or wire fraud?

The elements of mail and wire fraud are very similar. The elements of mail fraud are "'(1) a scheme to defraud; (2) use of the mails to execute that scheme; and (3) the specific intent to defraud.'" United States v. Lucas, 516 F.3d 316, 339 (5th Cir. 2008) (quoting United States v. Dotson, 407 F.3d 387, 391-92 (5th Cir. 2005)). Likewise, "[w]ire fraud is (1) the formation of a scheme or artifice to defraud, and (2) use of the wires in furtherance of the scheme." United States v. Mann, 493 F.3d 484, 493 (5th Cir. 2007) (citing United States v. Brown, 459 F.3d 509, 518 (5th Cir. 2006)). The common element, as State Farm recognized in its motion, is that the defendant form a "scheme or artifice to defraud". The mail and wire fraud statutes do not define "scheme to defraud", but the United States Supreme Court has given courts some guidance on the topic. "Sections 1341 and 1343 reach any scheme to deprive another of money or property by means of false or fraudulent pretenses, representations or promises." Carpenter v. United States, 484 U.S. 19, 26 (1987). More clearly,

> ... the words "to defraud" in the mail fraud statute have the "common understanding" of "wrongdoing one in his property rights by dishonest methods or schemes," and "usually signify the deprivation of something of value by trick, deceit, chicane or overreaching."

Id. (quoting McNally v. United States, 483 U.S. 350, 358 (1987)).

The Court once again concludes that the plaintiff has adequately pled mail and wire fraud. First, she alleges that the defendants were intentionally involved in a large scheme of filing frivolous lawsuits aimed at obtaining default judgments against innocent and unsophisticated parties. The scheme, as alleged by the plaintiff, did not involve only the filing of the frivolous lawsuits. Rather, Warnock claims, the defendants also used mail and wire to transmit correspondence and other documents related both to the individual lawsuits <u>and to the overall scheme to deprive plaintiff and others of their property by dishonest means</u>, thus satisfying the second element. Accordingly, the Court maintains that the plaintiff has properly pled that she was injured by the predicate acts of mail and wire fraud. Furthermore, since the plaintiff claims that this conduct occurred on several occasions over several years, she also has pled a pattern of racketeering activity.

Alternatively, the defendants reargue that the plaintiff's claims are barred by the Noerr-Pennington doctrine, which, in light of the constitutional right of petition, generally provides immunity to parties who petition the government for governmental action favorable to them. Eastern Railroad Presidents Conference

v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961) and United Mine Workers of America v. Pennington, 381 U.S. 657 (1965). On its first consideration of this issue, the Court declined to extend the Noerr-Pennington doctrine to RICO actions because the Fifth Circuit Court of Appeals has not yet done so. In its motion for reconsideration, State Farm does not offer any caselaw to rebut the Court's decision. Therefore, the Court again declines to broaden the scope of the Noerr-Pennington doctrine without express direction from this Circuit to do so.

Finally, the Court addresses State Farm's request to certify both of these issues for interlocutory appeal. In order for the district court to certify a question for interlocutory appeal, the issue should involve "a controlling question of law as to which there is a substantial ground for difference of opinion" and should be one where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." Swint v. Chambers County Commission, 514 U.S. 35, 46 (1995). Here, State Farm argues that there is a substantial ground for difference of opinion on these issues because (1) courts in other circuits have reached different conclusions and (2) one district court within this Circuit has decided a similar case differently. The Court does not read the cases cited by State Farm to create a substantial ground for difference of opinion on either issue. Accordingly, State Farm's request for certification of the question for interlocutory appeal is denied.

7

## CONCLUSION AND ORDER

Based upon the foregoing analysis and authorities,

**IT IS HEREBY ORDERED** that State Farm's Motion for Reconsideration of Order Entered October 16, 2008 [**docket entry no. 40**] is **DENIED**.

**IT IS FURTHER ORDERED** that State Farm's request for certification of interlocutory appeal is **DENIED**.

**SO ORDERED**, this the 17th day of December 2008.

                                         s/ David Bramlette
                                         **UNITED STATES DISTRICT JUDGE**